UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL GAMINO,<br><br>Plaintiff,<br><br>v.<br><br>JON EVERS, et al.,<br><br>Defendants. | No.  2:23-cv-03036-TLN-SCR<br><br><br><br>ORDER |

Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Before the court are Plaintiff's motion to proceed in forma pauperis (ECF No. 2), First Amended Complaint (ECF No. 3), and motion requesting action be taken (ECF No. 4).  Plaintiff has submitted the necessary affidavit required by statute attesting to his inability to pay the filing fee.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will be granted.  Plaintiff's motion requesting action be taken (ECF No. 4) requests that adjudication of his motion for IFP and is also granted.  However, in screening Plaintiff's first amended complaint ("FAC"), as required by Section 1915(a)(2), the Court concludes that the FAC does not allege sufficient facts to state a claim.  Plaintiff will be granted leave to amend to address the deficiencies set forth herein.

////

////

1

I.  SCREENING

A.      <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). Courts must review the complaint that initiates the case in order to perform this screening function.  In reviewing the complaint, the Court is guided by the Federal Rules of Civil Procedure, which are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

1  less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

2  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

3  inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

4  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

5  to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

6  556 U.S. 662, 678 (2009).

7       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

8  state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

9  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

10  reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

11  678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

12  to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Noll v.*

13  *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

14  <u>*Lopez v. Smith*</u>, 203 F.3d 1122 (9th Cir.2000)) (en banc).

15       B.    <u>The Complaint</u>

16       Plaintiff's first amended complaint ("FAC") brings an action under 42 U.S.C. § 1983

17  against the County of Stanislaus ("County"), the City of Modesto ("City"), and three individual

18  defendants who are alleged to be County or City employees.  ECF No. 3 at 4-5.  Plaintiff alleges

19  that in 2010 he had a marijuana debt to a documented drug dealer named Smyrni.  *Id*. at 2.  The

20  allegations are unclear, but it appears Plaintiff alleges that Smyrni entrapped him because Smyrni

21  was friends with Defendant Emerson, a prosecuting district attorney.  *Id.*  Plaintiff alleges he was

22  arrested in 2011, and refers to a 2011 criminal case number.  *Id.*  He claims that Defendants

23  conspired to create probable cause and fabricated evidence resulting in his wrongful conviction.

24  *Id.*  Plaintiff claims he was incarcerated in county jail for 1.5 years, but also states that his

25  damages are the result of serving 3,091 days. *Id*. at 6.  Plaintiff seeks monetary damages.

26       C.    <u>Analysis</u>

27       The FAC does not comply with Federal Rule of Civil Procedure 8 as it does not contain a

28  "short and plain" statement of the claim showing that Plaintiff is entitled to relief.  The exact

nature of what happened to Plaintiff is unclear from the FAC, other than his complaint of state

criminal proceedings and apparent allegation that he was entrapped and wrongfully convicted.

Plaintiff brings his claims under § 1983, but that statute "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  A claim under § 1983 requires a plaintiff to allege that defendants acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).  It is not clear from the FAC what underlying Constitutional or other federal rights Plaintiff alleges were violated.  The caption mentions an unlawful search, but there are no clear factual allegations of unlawful search.  The caption similarly mentions malicious prosecution and the Fourteenth Amendment, but does not contain a short a plain statement of facts supporting those conclusory assertions.

Moreover, Plaintiff's claim appears to be based on a state court conviction, and where a § 1983 action alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition or through some similar proceeding.  *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994).  This "favorable termination" rule from *Heck* applies regardless of the form of remedy sought, so long as the § 1983 action implicates the validity of an underlying conviction. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).  Plaintiff has not alleged that his conviction was invalidated on appeal, vacated, or otherwise set aside, and he appears to claim that his Constitutional rights were violated by the wrongful conviction.  Such a civil rights claim, if allowed to proceed, would necessarily imply the invalidity of his conviction and be barred by *Heck*.

Plaintiff's FAC also makes allegations concerning occurrences in 2010 and 2011.  ECF No. 3 at 2.  This action was not filed until 12 years later, and thus the claims appear to be time-barred.  "Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (citation and internal quotation marks omitted).  Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for

1  personal injury actions in § 1983 suits.  *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll §

2  1983 suits must be brought within a State's statute of limitations for personal-injury actions.").  In

3  California that period of limitations is two years.  *See Holt v. County of Orange*, 91 F.4th 1013,

4  1018 (9th Cir. 2024).

5      Accordingly, the FAC fails to state a claim on which relief may be granted.  It appears the

6  claims may be barred by *Heck* and are untimely under the applicable two-year statute of

7  limitations.  However, Plaintiff is proceeding pro se and "[a] district court should not dismiss a

8  pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the

9  complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.

10  2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff

11  an opportunity to amend the complaint to attempt to cure these defects.

12                      II.  AMENDING THE COMPLAINT

13      If plaintiff chooses to amend the complaint, the amended complaint must allege facts

14  supporting his allegation that his Constitutional or federal statutory rights were violated.  In

15  addition, Plaintiff should address whether his state court conviction was overturned on appeal,

16  vacated, or set aside.  Plaintiff should also address the apparent untimeliness of his claims.  The

17  allegations of the complaint must be set forth in sequentially numbered paragraphs, with each

18  paragraph number being one greater than the one before, each paragraph having its own number,

19  and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be

20  limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are

21  available to help plaintiffs organize their complaint in the proper way.  They are available at the

22  Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at

23  www.uscourts.gov/forms/pro-se-forms.

24      The amended complaint must not force the court and the defendants to guess at what is

25  being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)

26  (affirming dismissal of a complaint where the district court was "literally guessing as to what

27  facts support the legal claims being asserted against certain defendants").  The amended

28  complaint must not require the court to spend its time "preparing the 'short and plain statement'

1  which Rule 8 obligated plaintiffs to submit." *Id.* at 1180.  The amended complaint must not

2  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

3  what." *Id.* at 1179.

4          Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

5  amended complaint complete.  An amended complaint must be complete in itself without

6  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

7  complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline*

8  *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

9  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

10 Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

11 original complaint, each claim and the involvement of each defendant must be sufficiently

12 alleged.

13                               III.  CONCLUSION

14         Accordingly, **IT IS HEREBY ORDERED** that:

15 1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

16 2.  Plaintiff's motion requesting action be taken (ECF No. 4) is DENIED as moot;

17 3.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint

18     that addresses the defects set forth above.  The amended complaint must be labeled

19     "Second Amended Complaint" and must comply with Rule 8.  If Plaintiff fails to timely

20     comply with this order, the undersigned may recommend that this action be dismissed.

21 4.  Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice

22     of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil

23     Procedure.

24     SO ORDERED.

25 DATED: August 28, 2024

26

27 SEAN C. RIORDAN
   UNITED STATES MAGISTRATE JUDGE

28