UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON MICHAEL GAMINO,<br><br>Plaintiff,<br><br>v.<br><br>JON EVERS, et al.,<br><br>Defendants. | No. 2:23-cv-03036-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Before the Court is Plaintiff's Second Amended Complaint (ECF No. 7)[1]. The Court has screened the Second Amended Complaint ("SAC"), as required by Section 1915(a)(2), and concludes that the SAC fails to state a claim. The Court recommends that the SAC be dismissed without further leave to amend.

I.  SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

---

[1] The docket sheet incorrectly states ECF No. 7 is the First Amended Complaint. The original complaint is at ECF No. 1, and First Amended Complaint at ECF No. 3.

1

Courts must review the complaint that initiates the action and perform this screening function.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. Analysis

The Court previously screened Plaintiff's First Amended Complaint ("FAC"). The Court described the allegations in the FAC as including claims under 42 U.S.C. § 1983 against the County of Stanislaus ("County"), the City of Modesto ("City"), and three individual defendants who are alleged to be County or City employees. ECF No. 3 at 4-5. Plaintiff alleged that in 2010 he had a marijuana debt to a documented drug dealer named Smyrni. *Id*. at 2. The allegations were unclear, but it appeared Plaintiff alleged that Smyrni helped entrap him because Smyrni was friends with Defendant Emerson, a prosecuting district attorney. *Id.* Plaintiff alleged he was arrested in 2011, and referred to a 2011 criminal case number. *Id.* He claimed that Defendants conspired to create probable cause and fabricated evidence resulting in his wrongful conviction. *Id.* Plaintiff claimed he was incarcerated in county jail for 1.5 years, however he also stated that his damages were the result of serving 3,091 days. *Id*. at 6. Plaintiff sought monetary damages.

The Court screened the FAC and informed Plaintiff of the deficiencies, including that the FAC did not comply with Federal Rule of Civil Procedure 8 as it did not contain a "short and plain" statement of the claim showing that Plaintiff is entitled to relief. *See* ECF No. 6. The exact nature of what happened to Plaintiff was unclear from the FAC, other than he complained of state criminal proceedings and appeared to allege that he was entrapped and wrongfully convicted.

The order also advised that § 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). ECF No. 6 at 4. A claim under § 1983 requires a plaintiff to allege that defendants acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). It was not clear from the FAC what underlying constitutional or other federal rights Plaintiff alleged were violated. The caption mentioned an unlawful search, but there were no

3

clear factual allegations of unlawful search.  The caption similarly mentioned malicious prosecution and the Fourteenth Amendment, but did not contain a short a plain statement of facts supporting those conclusory assertions.

This Court's prior order also informed Plaintiff that his claims appeared to be barred by *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994), and to be untimely, as the FAC made allegations concerning events in 2010 and 2011.  ECF No. 6 at 4.  Despite these deficiencies, the Court granted leave to amend because a pro se litigant should generally be given leave to amend unless it is absolutely clear the deficiencies cannot be cured by amendment.

This Court directed Plaintiff as follows: "If plaintiff chooses to amend the complaint, the amended complaint must allege facts supporting his allegation that his Constitutional or federal statutory rights were violated.  In addition, Plaintiff should address whether his state court conviction was overturned on appeal, vacated, or set aside.  Plaintiff should also address the apparent untimeliness of his claims." ECF No. 6 at 5.  The Court's order also directed Plaintiff to resources for pro se litigants available through the Clerk's office.

Plaintiff was previously cautioned that the amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  Plaintiff's SAC does not cure any of the deficiencies outlined in the prior order.  The SAC is a scant three pages and contains less factual content than the FAC.  ECF No. 7.  Plaintiff alleges in conclusory fashion that he is seeking damages from Defendant Jon Evers and Wendell Emerson, but the allegations do not sufficiently put Defendants on notice of the claims against them as required by Rule 8.  The SAC complains of an arrest that occurred on April 5, 2011.  ECF No. 7 at 1.  Plaintiff alleges the claim should not be time barred because it is "all new within the past 1 year," without explaining what that could mean in the context of events that occurred in 2011.  ECF No. 7 at 3.  Plaintiff refers to his conviction as "erroneous," but does not allege that it has been vacated, overturned on appeal, or otherwise set aside. Plaintiff's claims concerning an April 2011 arrest are barred by the two-year statute of limitations

for section 1983 claims. Because § 1983 contains no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In California that period of limitations is two years. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024).

Moreover, Plaintiff's claims about an allegedly unlawful arrest is barred by the *Heck* doctrine. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him); *Trice v. Modesto City Police Dep't*, No. 1:08-cv-01891-AWI, 2009 WL 102712 (E.D. Cal. Jan. 14, 2009) (claim of fraudulent or fabricated evidence, prosecutorial misconduct, or violations of plaintiff's right to counsel are barred by *Heck*); *Harris v. State of California*, No. 07-cv-1406 BTM, 2008 WL 595880, at *2-4 (S.D. Cal. March 3, 2008) (allegations of prosecutorial conduct and other "grave unfairness" in criminal proceedings barred by *Heck*).

Finally, the SAC also fails to state a claim because it lacks facts showing the violation of a constitutional right. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (elements of a § 1983 claim).

The Court recommends that this action be dismissed without further leave to amend. Plaintiff has already filed two amended complaints, and has failed to cure the deficiencies set forth in the Court's prior screening order. Accordingly, the Court determines that further leave to amend would be futile as Plaintiff has not addressed these pleading deficiencies. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court's discretion to deny leave to amend is particularly broad where plaintiff has previously been granted leave to amend and failed to add the requisite particularity to its claims); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (district court's discretion to deny leave to amend is "particularly broad where the plaintiff has previously amended the complaint.").

////

////

## II.  CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Second Amended Complaint be dismissed without further leave to amend; and
2. The court close this file.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: October 15, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE